IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEREK MORTLAND, | : |
| | : Case No. 2:19-cv-01123 |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| -vs- | : |
| | : Magistrate Judge Vascura |
| LOCAL CANTINA DUBLIN LLC, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Stay Consideration of Defendant's Motion for Summary Judgement. (ECF No. 22). Defendant has responded to this motion, arguing that a stay is not warranted because Plaintiff has failed to avail himself of other methods of discovery. (ECF No. 23). For the reasons stated below, this Court **GRANTS** Plaintiff's Motion.

Plaintiff requests additional time to respond to Defendant's Motion for Summary Judgement, arguing that he needs this time to gather evidence necessary for responding to Defendant's motion. (ECF No. 22 at 3). Plaintiff's complaint alleges that Defendant's restaurant and bar is not accessible to the disabled in violation of Title III of the Americans with Disabilities Act. *Id.* On February 20, 2020, an in-person inspection of the property was scheduled for March 26, 2020. (ECF No. 20). On February 24, 2020, Defendant filed a Motion for Summary Judgment alleging, in part, that it had cured any accessibility issues and that Plaintiff's claims are moot. (ECF No. 21). Defendant argues that granting Plaintiff additional time to respond to the summary judgment motion is not warranted since Plaintiff has not availed itself of

other methods of discovery and since the restaurant has been closed due to the COVID-19 pandemic. (ECF No. 23).

Fed. R. Civ. P. 56(d) permits a nonmoving party to request that the court: "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The party requesting that the court defer consideration of a summary judgment motion must show that such an order is necessary by affidavit or declaration. *See Danford v. State of Ohio Dep't of Rehab. & Corr.*, No. 2:10-CV-124, 2011 WL 901180, at *3 (S.D. Ohio Mar. 14, 2011) (determining that magistrate judge correctly granted Rule 56(d) motion). Courts considering such motions apply a number of factors including assessing:

> (1) [W]hen the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014). The most important factor and the main inquiry for district courts is the factor relating to whether Plaintiff was dilatory in its discovery practices. *See Doe v. City of Memphis,* 928 F.3d 481, 492 (6th Cir. 2019) (determining that additional discovery was warranted where there was no evidence that plaintiff was dilatory in its discovery practices).

Plaintiff's motion is supported by the affidavit of attorney Colin Meeker indicating that an in-person inspection of the building is necessary for Plaintiff to adequately respond to the motion for summary judgment and "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiff also scheduled this discovery prior to Defendant's filing a summary judgment motion. This Court finds that a physical inspection will reveal whether Defendant's building is in actual compliance with Title III and will assist Plaintiff with gathering evidence necessary to

oppose Defendant's motion for summary judgment. The fact that Plaintiff's counsel has made a strategic decision not to pursue other forms of discovery in favor of an in-person inspection does not indicate that Plaintiff has been dilatory in its discovery efforts. Furthermore, the discovery deadline in this matter has not yet expired and is set for May 15, 2020, indicating that Plaintiff was not dilatory in its discovery efforts and that Plaintiff has not been in given a full opportunity to complete discovery. *See CenTra*, 538 F.3d 402, 420 (6th Cir. 2008) (noting that "plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment") (internal citations omitted). For these reasons, this Court **GRANTS** Plaintiff's Motion and **STAYS** consideration of Defendant's motion for summary judgment.

Plaintiff has requested an extension of time as to all deadlines in the case, including the physical inspection of the restaurant building due to the COVID-19 pandemic and the stay at home order issued by Governor DeWine. (ECF No. 24 at 2). The Parties are **ORDERED** to confer regarding an amended schedule in light of the pandemic and to submit to the Court within fourteen (14) days a proposed scheduling order providing deadlines for non-expert discovery (including a new date for inspection of the restaurant), expert disclosures, and dispositive motions.

    **IT IS SO ORDERED.**

                                                     __s/Algenon L. Marbley__
                                                     **ALGENON L. MARBLEY**
                                                     **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 25, 2020**